LANDRY, Judge.
Plaintiff appeals the decision of the Civil Service Commission (Commission) sustaining his dismissal as Drivers License Examiner I in the employ of defendant, Department of Public Safety, Drivers License Division (Appointing Authority). The sole issue is whether plaintiff, at the time of dismissal, was still within the six months probationary period during which he was subject to dismissal in the discretion of his Appointing Authority as provided by Civil Service Rule 9.1(e). More precisely, the question is when does the probationary period commence? We conclude the Commission correctly found that plaintiff had not completed the constitutionally required six months work test period to achieve classified status. We affirm the judgment of the Commission.
It is undisputed that on Friday, November 15, 1968, plaintiff was offered and accepted a position as Drivers License Examiner I by Appointing Authority. The offer was made in Baton Rouge and accepted by plaintiff in that City. At the time, plaintiff was requested to carry a quantity of blank drivers license applications to his prospective Supervisor in New Orleans. Plaintiff actually commenced work on Monday, November 18, 1968. However, his personnel record shows he commenced work on Saturday, November 16, 1968, which date commenced the next payroll period. On May 13, 1969, the Appointing Authority filed with the Director, Department of Civil Service, Standard Form I, accompanied by written reasons for dismissal, separating plaintiff from his employment effective the close of business on May 15, 1969. A copy of this notification was handed plaintiff in person on May 14, 1969.
The Commission found as a fact that appellant was employed as of November 16, 1968, and dismissed on May 15, 1969. It concluded appellant was a probationary employee with less than six months service and therefore subject to dismissal in the discretion of the Appointing Authority pursuant to Civil Service Rule 9.1(e).
Appellant contends the Commission erred in (1) finding appellant was a probationary employee, and (2) declining appellant opportunity to establish the alleged falsity of the reasons cited for his discharge. In essence, appellant contends his employment commenced November 15, 1968, the date on which he was offered and accepted the position from which he has been removed.
Probationary employment of persons engaged by state agencies and departments subject to Civil Service is governed by *846 LSA-Const. Art. XIV, § 15(1) which provides in part as follows:
The State Civil Service Commission has authority to make rules which have the effect of law to * * * (2) establish work-test periods of not less than six months nor more than 12 months before appointees acquire permanent status as classified employees. * * *
In implementation of the foregoing mandate, the Commission has adopted Rules 1.5, 8.9(a), and 9.1(a), which provide:
Rule 1.5
“Appointment means an offer by an appointing authority to a qualified person of employment in a classified position and the acceptance of such offer.”
Rule 8.9:
“Appointment of Eligibles from Certificates.
(a) Except as provided in Sub-sections (b) and (c) hereof, appointment from certificates must be made from one of the three highest ranking eligibles who have not indicated an unwillingness to accept appointment, except in making appointments from a department preferred re-employment list the highest ranking eligible shall be appointed. Certificates showing action taken thereon must be returned within fifteen (15) working days after receipt unless the time is extended by the Director. In each case of acceptance of an appointment, such appointment shall become effective as of the date on which the appointee enters upon duty.”
Rule 9.1(a):
“Probationary period.
(a) Appointments to permanent positions following certification from an open competitive eligible list, original appointments to permanent positions in non-competitive classes and reinstatements shall be made for a probationary period of six months following appointment. The probationary period shall be an essential part of the examination process and shall be utilized for the most effective adjustment of a new employee and for the elimination of any probationary employee whose performance does not meet the required standard of work.”
Appellant maintains Rules 1.5 and 9.1(a) contemplate that the probationary period commences on the date a position is offered by the Appointing Authority and accepted by the employee.
In effect the Commission found that the probationary period commences when the employee’s first pay period begins. We find, however, the probationary period commences the first day the employee starts performance of the duties for which he is engaged. We find this interpretation in accord with the hereinabove cited constitutional provision. In utilizing the phrase “work-test periods of not less than six months nor more than 12 months”, the Constitution obviously intended a period of full performance of duty during which the employer could evaluate the employee and supervise his activities.
Rule 9.1(a), above, complements the applicable constitutional provision in declaring the work-test period an integral part of the screening process designed to secure efficient, qualified employees. It appears obvious that any other interpretation would be counter to the constitutional requirement that there be at least a six months work-test period. There can be no commencement of a work-test period until the employee commences work. In this instance, appellant did not commence work until November 18, 1968. Until this date, his superiors were in no position to judge the quality of his performance.
*847 Appellant’s accommodation of his employer by carrying blank drivers license forms to New Orleans on November 15, 1968, did not constitute a performance of official duties. Neither does the listing of his commencement date as November 16, 1968, on his personnel record, necessarily begin his probationary period as of that date. In this case November 16, 1968 was a Saturday; it is conceded appellant did not officially report to work ' until Monday, November 18, 1968. His probationary period, therefore, commenced November 18, 1968.
In re Bienvenu, La.App., 158 So.2d 213, invoked by appellant is not in point. In Bienvenu, above, commencement of the probationary period was not an issue. The question in Bienvenu was the right of an employee, engaged as of a certain future date, to commence her employment on that date. Bienvenu merely held that under such circumstances the employee acquired certain inchoate rights, including the right to commence work as agreed. Bienvenu did not establish the commencement date of the work-test period; neither did it involve dismissal of an employee discharged after commencement of the probationary period.
We find plaintiff’s dismissal as of the close of May 15, 1969, in order. Civil Service Rule 9.1(e) provides that a probationary employee may be removed by the Appointing Authority at any time, provided written reasons for dismissal be furnished the Director. We note, in passing, that written reasons furnished by the Appointing Authority in this instance indicate that appellant’s work was unsatisfactory and that his work attitude was poor.
We find, however, the intent of Rule 9.1(e) is that a probationary employee may be removed in the discretion of the Appointing Authority, for any reason whatsoever, so long as the cause is stated in writing. We so find because any other interpretation would clothe a probationary employee with the same rights enjoyed by an employee possessing permanent status. We do not believe the Civil Service Amendment intended such a result. It is unnecessary, therefore, to consider appellant’s contention that the reasons for his dismissal were false or unfounded.
The judgment of the Commission is affirmed, at appellant’s cost.
Affirmed.