SARTAIN, Judge.
The appellant was employed by Charity Hospital of Louisiana at New Orleans as a Stock Clerk II with probational status. His employment was terminated on May 31, 1971. He appealed the decision of his appointing authority to the Civil Service Commission. The Commission affirmed his dismissal and he has prosecuted this appeal. We affirm.
The notice terminating appellant’s employment listed two reasons: (1) that his work was unsatisfactory, and (2) that he used abusive language towards one of his superiors.
Appellant contends that the appointing authority erred in failing to give him sufficient notice of the cause of his termination; that the decision of the Commission in its opinion dated December 8, 1971, is not supported by the evidence; that the Commission should not have considered evidence relating to a grievance hearing held subsequent to his dismissal; that the Commission erred in ignoring the testimony of one witness concerning the alleged arbitrary and capricious conduct of one of appellant’s supervisors; that appellant’s counsel was unduly restricted in his cross-examination of a “key-factual witness”; and that the Commission erroneously concluded that appellant’s dismissal was not racially motivated and therefore not discriminatory.
At the outset it should be noted that appellant was on probationary status. The rules of the Commission provide that the only procedural requirement imposed on the appointing authority for his termination is that the cause therefor must be in writing. Louisiana Constitution, Article 14, Sec. 15(1); Louisiana Civil Service Rule 9.1(e); Maggio v. Department of Public Safety, 234 So.2d 844 (1st La.App., 1970). The Commission found that this was done and we concur. Secondly, because of his probational status his appeal is limited to the issue of whether the “cause” of dismissal was discriminatory. Appellant contends that it was because he, a member of one race, was falsely accused of directing improper language to a female supervisor of another race.
At the hearing before the Commission the female supervisor was not called as a witness so the record as to appellant’s denial stands alone. However, there was a dispute between appellant and his supervis- or and the record fully supports the conclusion that appellant was “displeased” with the order given him and expressed himself to his superior in a tone other than normal.
The Commission, in its written reasons, stated that appellant’s work record in itself justified the dismissal, which is discretionary with the appointing authority where a probational employee is involved. The Commission also concluded, pretermit-ting finding that he actually cursed his supervisor, that his response to her order was “insubordinate”. These are findings of fact by the Commission and beyonci our review where there is “some” evidence in the record to support such findings. Gremillion v. Department of Highways, 129 So.2d 805 (1st La.App., 1961, writs refused), La.Constitution Art. XIV, Sec. 15(0) (1)-
The Commission also found that the appellant had failed to sustain the burden of proof that his dismissal was racially motivated. Our review of the record leads us to the same conclusion as appellant’s assertions in this regard are wholly uncorroborated.
 Neither do we find merit in the assertion that appellant’s counsel was un *267 duly restricted in his cross-examination of one of appellee’s witnesses. Much discretion is vested in the Commission in the conduct of hearings before it. The evidence sought to be elicited was repetitious and the Chairman was within his authority in admonishing counsel to restrict his cross-examination thusly.
Finally, in its reasons for judgment the Commission commented that a grievance hearing between members of appellant’s union and representatives of the appointing authority was held and that the decision at the hearing “was adverse to appellant.” Counsel contends that it was an error in law to consider the result of a grievance hearing when the Commission declined to admit into evidence a transcript of the entire hearing. We are of the opinion that reference to the grievance hearing in the opinion is dicta and not essential to a determination of the issues presented to the Commission.
Accordingly, for the above and foregoing reasons, the decision of the Civil Service Commission is affirmed at appellant’s costs.
Affirmed.