282 So.2d 721 (1973)
Anita M. COURTNEY, Plaintiff-Appellant,
v.
LOUISIANA DEPARTMENT OF HIGHWAYS, Defendant-Appellee.
No. 9484.
Court of Appeal of Louisiana, First Circuit.
August 23, 1973.
Rehearing Denied September 26, 1973.
Writ Refused December 14, 1973.
Daniel E. Broussard, Jr., Alexandria, for plaintiff-appellant.
Robert J. Jones, Highway Dept., and Harold E. Forbes, Director of Personnel, Baton Rouge, for defendant-appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
Mrs. Anita M. Courtney appeals from a ruling of the Civil Service Commission which sustained the action of the appointing authority in dismissing her from her position as Clerk II with probational status in the Kenner Unit of the Louisiana Department of Highways.
Appellant's employment was terminated by letter dated June 1, 1972 which stated that her services as a Clerk II had not been satisfactory. The letter specifically referred to her attitude toward her supervisor in the Kenner Unit, Mr. Herbert Cretini, which had developed into a definite personality conflict and was interfering with the efficiency of the Unit's work. The letter also referred to instances of refusal to follow instructions, repeated tardiness, and failure to perform the duties assigned to her.
On June 28, 1972 appellant filed for a hearing before the Civil Service Commission alleging that her termination was due to discrimination on the part of her supervisor on the basis of her sex and race. After a hearing on the matter the Civil Service Commission ruled that appellant's removal was not based on or motivated by any factor of discrimination and denied her appeal for reinstatement. From this *722 ruling of the commission appellant has perfected this appeal.
Appellant contends that the findings and conclusions of the commission are not supported by the evidence adduced at the hearing; that the commission erred in ruling that appellant had failed to carry her burden of proof to show that her discharge was the result of discrimination as defined in Civil Service Rule 1.14.1; and that the commission erred in failing to hold that her discharge was in violation of 42 U.S. C.A. § 2000e-2(a)(1) and (2) which prohibit employment discrimination based on race and sex.
At the outset we note that appellant was hired on October 20, 1971, as a probationary employee of the Kenner Unit of the Louisiana Department of Highways. Her probationary period of six months was extended for an additional sixty days as of April 19, 1972. Thus, appellant was on probationary status at the time of her discharge on June 1, 1972. As a probationary employee, appellant would have no right to appeal from the action of her appointing authority in dismissing her unless she alleged and proved that her dismissal was the result of discrimination. Accordingly, her appeal is limited to the issue of whether the cause of her dismissal was discriminatory. Pembrick v. Charity Hospital of Louisiana at New Orleans, 268 So.2d 265 (1st La.App. 1972), writ denied, 263 La. 989, 270 So.2d 123 (1972).
Civil Service Rule 1.14.1 defines discrimination as follows:
"1.14.1 `Discrimination' means consideration of religious or political affiliations or beliefs, race or national origin, or any other non-merit factors."
The Civil Service Commission found that appellant's discharge was not motivated by discrimination because of her race or sex. Our review of the record leads us to the same conclusion.
Appellant was the first black female hired as a Clerk II in the Kenner Unit of the Louisiana Department of Highways. There had been a previous black male clerk in this unit and numerous white male clerks. The unit is composed of approximately seventeen or eighteen black employees in the road crews. Mr. Herbert Cretini, who has been employed by the Louisiana Department of Highways for sixteen years, is the supervisor of the Kenner Unit. Mr. Cretin has been in a supervisory capacity for eight years.
Appellant's duties as a Clerk II consisted of supplying information to her supervisor, Mr. Cretini, concerning the materials on hand at the unit. This included keeping records of such things as the quantity used and the quantity still available of fuel, coalmix, kerosene, oil, diesel fuel, etc. Appellant was required to report to work at 7:30 A. M. each day in order to tabulate the amount of the various items and materials which were being used by the crews as they prepared to go on their various assignments. Appellant's job also consisted of answering the telephone, taking messages, and preparing the various reports for the unit.
Mr. Herbert Cretini, appellant's supervisor, testified that toward the end of her probationary period appellant's work fell off and she refused to complete the tasks assigned to her. He testified that she continually made errors on the reports and he would have to correct them. Mr. Cretini also stated that appellant was late for work on numerous occasions and the records introduced before the commission show that during the seven months she was employed at the Kenner Unit appellant took three days of sick leave, three days and four hours of annual leave, and a one day leave without pay. Mr. Cretini testified that appellant was late for work several days each week and he would have to attend to her duties thereby neglecting his own until she arrived. He stated that he did not dock her pay for her tardiness until after she had been warned on numerous occasions. Mr. Cretini also stated that appellant was insubordinate and refused to follow instructions.
*723 He related instances where she refused to furnish information on materials which he requested and where she would disobey his instructions not to mingle with the male employees in the unit.
Mr. J. C. McGrew, the District Engineer and Mr. Cretini's supervisor, testified that he was informed by Mr. Cretini of appellant's tardiness, insubordination, and unsatisfactory performance in her work prior to the end of her initial six months probationary period. When Mr. McGrew received Cretini's recommendation that appellant be removed at the end of her probationary period he called a meeting in his office to discuss the matter with appellant and Mr. Cretini. As a result of this meeting Mr. McGrew extended appellant's probationary period for an additional sixty days in the hope that with additional training her work and her attitude would improve to the point where she could become a permanent employee. However, during this period he was informed that her work and her attitude did not improve. She continued to refuse to follow instructions and the conflict between appellant and Mr. Cretini impaired the efficiency of the unit. Therefore, on June 1, 1972, Mr. McGrew discharged appellant. Mr. McGrew testified that his decision to terminate appellant was based partly on the recommendation of Mr. Cretini but was also based on his own personal observations and those of his business manager and his assistant in charge of maintenance.
Both Mr. McGrew and Mr. Cretini testified that appellant's removal was not the result of any discrimination on the basis of her race or sex. Approximately one-half of the employees in this unit were black and Mr. Cretini had on several occasions recommended promotions for blacks as well as whites in the unit.
Appellant testified that she was not habitually tardy but did admit that she had trouble getting to work sometimes because she had to take two busses to get from her home to the office. She stated that Mr. Cretini discriminated against her concerning the leave policy in the unit. Appellant specifically referred to one incident when she was given leave without pay while a white male employee was given sick leave. However, Mr. Cretini testified that he warned the other employee about tardiness and unauthorized sick leave just as he had previously warned Mrs. Courtney prior to this incident when she was given leave without pay. Appellant also stated that Mr. Cretini called her names. This assertion on her part is wholly uncorroborated and Mr. Cretini denied ever having called her names.
Appellant also testified that Mr. Cretini discriminated against her concerning her lunch break and that he did not allow her enough time to go to lunch. However, Mr. Cretini testified that she had half an hour to go to lunch and that she could either bring her lunch from home or go out to a nearby store. Appellant even testified that Mr. Cretini took her out to get a sandwich on several occasions.
Appellant stated that Mr. Cretini would not inform her of changes in the report forms she was to fill out, thereby resulting in mistakes which she would not have made had she been properly informed. Mr. Cretini, of course, denied this accusation.
Appellant also stated that Mr. Cretini made amorous advances toward her and would read explicit passages from pocket novels in her presence. While Mr. Cretini admitted having pocket novels in his desk, he specifically denied the accusations of appellant concerning the alleged advances and reading passages from the novels aloud in her presence.
Appellant argues that the testimony of Mrs. Eva Warbington, a white typist clerk at the district office of the Highway Department in Bridge City, corroborates her testimony concerning the alleged discriminatory actions of Mr. Cretini. Our review of Mrs. Warbington's testimony fails to disclose corroboration for the alleged discriminatory *724 acts against appellant. While Mrs. Warbington testified that Mr. Cretini had made amorous proposals to her, she had no independent knowledge of any such proposals he allegedly made to appellant. Mrs. Warbington stated that she overheard Mr. Cretini talking in a derogatory manner about members of the black race but she did not testify concerning the use of derogatory language by Mr. Cretini to appellant. Mrs. Warbington testified that she did know of one occasion when appellant called her concerning a change in a fuel order that she had apparently not received but she did not testify concerning any scheme whereby Mr. Cretini purposefully did not relate changes in the order forms to appellant.
It is well established that the findings of the Civil Service Commission as to facts are not to be reviewed by the courts so long as there is "any evidence" in the record to support the findings. Smith v. Louisiana State Board of Health, 201 So. 2d 14 (1st La.App.1967); Morris v. State Department of Highways, 274 So.2d 924 (1st La.App. 1973); La.Constitution Art. XIV, Sec. 15 (0)(1). Under this principle of law it has been held that reviewing courts cannot consider the weight and sufficiency of the evidence on which the commission's decision is founded if there is any evidence to support that decision. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Trotti v. Department of Public Safety, 234 So.2d 450 (1st La.App.1970).
In our view there is evidence in this record to substantiate the findings of the Civil Service Commission that appellant failed to sustain the burden of proof that her dismissal was motivated by discrimination due to her race and sex. We find no error in the commission's conclusion that appellant's discharge was motivated solely in the interest of the efficient operation of the Kenner Unit.
Additionally, we find appellant's contention that her discharge violated the provisions of 42 U.S.C.A. § 2000e-2(a) (1) and (2) to be without merit. The provisions of that statute are essentially the same as the test of discrimination set forth by Civil Service Rule 1.14.1. In view of our determination that appellant's dismissal was not based upon any discriminatory motive under Rule 1.14.1, it is equally clear that the appointing authority did not violate the provisions of 42 U.S.C.A. § 2000e-2(a)(1) and (2) in dismissing appellant from her position with the Kenner Unit.
Accordingly, for the above reasons, the decision of the Civil Service Commission is affirmed at appellant's costs.
Affirmed.