BEER, Judge.
These consolidated cases come to us — by different routes — from the Civil District Court for the Parish of Orleans and from the Civil Service Commission of the City of New Orleans. We conclude that the actions of both were correct and, accordingly, affirm.
In view of the basis for our conclusion, we limit the discussion in this opinion to the issue upon which our decision is founded.
At all times pertinent, appellant, Clyde P. Martin, Jr., was an employee of the Sewerage & Water Board of New Orleans. By 1974, through diligent and conscientious effort, he had progressed to the position of Mechanical Engineer III and was in charge of drainage and sewerage pumping operations for the Board.
In the performance of his duties up to and including the year 1974, Martin had clearly merited the special recognition which had brought about successive promotions and led to his assignment to a position of importance and responsibility in the conduct of the affairs of the Board. It was in this climate that he was recommended for and appointed to the position designated as Mechanical Engineer IV, effective in December of 1974.
This appointment had directly resulted from Martin’s previous performance as well as from the results of competitive examination and subsequent selection from the list of successful examinees, a Promotional Register Certificate having been issued to him to evidence this achievement.
The rules of the Civil Service Commission provide for a “test period” which commences upon the appointment or certification of an individual to a position in the classified service. We are of the view that the test period necessary for his ultimate final designation as Mechanical Engineer IV began with his initial appointment or certification as Mechanical Engineer IV in December of 1974.
The Commission’s rules require that an individual thus appointed or certified is obliged, for a period of six months, to serve in a probationary status while the test period runs its course. In other words, the promotion, though actually in effect, is, nevertheless, tentative and, thus, subject to being recalled. The reason is obvious. The promoted individual must, in effect, prove himself in his new and higher paid capacity during this testing period.
The rules also provide that the so-called test period can be extended. This is obviously done to give all interested and involved parties the opportunity for further consideration when there is some doubt about an individual’s ability to perform in the new capacity which may (though not necessarily) involve greater responsibilities (with commensurate increase in pay).
Although only approximately three months had passed from the time of Martin’s tentative designation as Mechanical Engineer IV, he was notified (and acknowledges receipt of such notification) that his probationary working test period was, then and there, extended for an additional six months. Specifically, this notification took place on March 12, 1975.
However, the issue of that notification is, essentially, mooted by the fact that within the original six-month period from December of 1974, Martin was duly notified of his reassignment as Mechanical Engineer III. This took place in April of 1975.
In our view, the internal decision to return Martin to his pre-December, 1974 position as Mechanical Engineer III is not, in the context of these appeals, properly before us for review since the rules of the Civil Service Commission set out a basis for the taking of this action which is not reviewable either by the Civil Service Com *1231 mission or the Civil District Court or this court.
The action taken by the Board was within the time limit provided for by the rules and did nothing more and nothing less than return Martin to his previous position as Mechanical Engineer III within the chronological perimeters which the rules provide for.[1]
Stated another way, Martin was not demoted from Mechanical Engineer IV to Mechanical Engineer III. He was only conditionally promoted from Mechanical Engineer III to Mechanical Engineer IV. Within the probationary period of his conditional promotion, his superiors deemed that his performance did not demonstrate a basis for making the promotion permanent, and, so, during this probationary period, he was, accordingly, returned to his status as Mechanical Engineer III.
While men of good will might differ as to the substantive basis for reaching such a decision, such consideration is outside the ambit of jurisdiction of the Civil Service Commission, the Civil District Court and this court and is solely an internal matter within the Sewerage & Water Board when reached during the probationary period. The New Orleans Home Rule Charter grants authority to the Civil Service Commission to adopt rules governing promotion, and those rules, duly promulgated, include the specific right of the appointing authority to unilaterally revoke such promotion during the probationary period.
Since the action by the Board was taken during the probationary time period when its decision regarding same is, then and there, a final decision, there was never any jurisdiction for review of the Board’s action in either the Civil Service Commission, the Civil District Court or this court. The fact, conceded by all, that Martin was, at all times pertinent, a permanent employee of the Board is of no consequence. His designation as a permanent employee cannot be said to entitle him to permanent designation as Mechanical Engineer IV in derogation of the requirement that he serve in the promoted slot for a probationary period before the promotion becomes permanent. The same must be said for the fact that his duties with the Board were unchanged subsequent to his provisional promotion since the promotion was obviously made in the ordinary course of the Board’s affairs and was, thereafter, recalled in the same ordinary course of the Board’s affairs. Accordingly, the appeals are dismissed at appellant’s cost.

AFFIRMED.

. Parenthetically, we do feel obliged to observe that the internal action taken in this matter appears to have been with supporting reasons or, at the very least, neither arbitrary nor capricious.