SAMUEL, Judge.
Plaintiff was dismissed from his position of Probationary Police Sergeant and reinstated to his former position of Police Officer. He appealed to the Civil Service Commission of the City of New Orleans contending there was no justifiable cause for that action. On the basis of his probationary status, the appointing authority filed an exception contesting his right to appeal to the Commission. The Commission maintained the exception and dismissed the appeal. Plaintiff then appealed to this court.
Plaintiff, who held permanent civil service status as a Police Officer, was promoted to the rank of Sergeant on July 16, 1978. This required that he serve a one year probationary period prior to the promotion becoming permanent. He was demoted to his former, permanent position of Police Officer on June 1, 1979, within that one year probationary period. The specific reasons for the demotion were given to him by letter of May 31, 1979 from the Superintendent of Police and he was given an opportunity to explain his alleged actions. The letter lists untruthfulness, habitual tardiness, arrival for duty 40 minutes late on one occasion, reporting for duty in civilian attire and, on one occasion, absence without leave from his place of assignment from 5:05 p. m. until conclusion of his tour of duty at 10 p. m. Such alleged misconduct violates Articles 29, 63 and 65 of the Rules for the Administration of the Department of Police and Rule IX, Section 1, Paragraph 1.1 of the Civil Service Commission of the City of New Orleans.
The primary issue before us is whether an employee who has gained permanent status in the service, but who is probationary in a promotional capacity, may appeal a disciplinary action related solely to that promotional capacity where there is no allegation of the discrimination set out in Article 10, Section 8(B) of the 1974 Constitution,[1] and where the disciplinary action does not affect the employee’s previously obtained permanent status.
The answer is in the negative. Under these circumstances the decision to dismiss from the promotional capacity is solely within the authority of the appointing authority; that is the very purpose of the probational or working test period; and neither the Commission nor the courts have the authority to inquire into the reason or justification of such a dismissal; our jurisprudence consistently has been that an employee has no right of appeal under these circumstances.[2] In Martin v. Sewerage & Water Bd.,[3] we said:
“In our view, the internal decision to return Martin to his pre-December, 1974 position as Mechanical Engineer III is not, in the context of these appeals, properly before us for review since the rules of the Civil Service Commission set out a basis for the taking of this action which is not reviewable either by the Civil Service Commission or the Civil District Court or this court.
The action taken by the Board was within the time limit provided for by the rules and did nothing more and nothing less than return Martin to his previous position as Mechanical Engineer III within the chronological perimeters which the rules provide for.
Stated another way, Martin was not demoted from Mechanical Engineer IV to Mechanical Engineer III. He was only conditionally promoted from Mechanical *907 Engineer III to Mechanical Engineer IV. Within the probationary period of his conditional promotion, his superiors deemed that his performance did not demonstrate a basis for making the promotion permanent, and, so, during this probationary period, he was, accordingly, returned to his status as Mechanical Engineer III.
While men of good will might differ as to the substantive basis for reaching such a decision, such consideration is outside the ambit of jurisdiction of the Civil Service Commission, the Civil District Court and this court and is solely an internal matter within the Sewerage & Water Board when reached during the probationary period. The New Orleans Home Rule Charter grants authority to the Civil Service Commission to adopt rules governing promotion, and those rules, duly promulgated, include the specific right of the appointing authority to unilaterally revoke such promotion during the probationary period.
Since the action by the Board was taken during the probationary time period when its decision regarding same is, then and there, a final decision, there was never any jurisdiction for review of the Board’s action in either the Civil Service Commission, the Civil District Court or this court. The fact, conceded by all, that Martin was, at all times pertinent, a permanent employee of the Board is of no consequence. His designation as a permanent employee cannot be said to entitle him to permanent designation as Mechanical Engineer IV in derogation of the requirement that he serve in the promoted slot for a probationary period before the promotion becomes permanent.”
In the instant case plaintiff did not mention discrimination in his petition of appeal or otherwise until (possibly)[4] the argument before the Commission on the defendant’s exception. Nor, since plaintiff was restored to his permanent status, did the appointing authority’s action affect his permanent status. We agree that plaintiff had no right to appeal either to the Commission or to the courts.
There is one other issue. In effect, plaintiff argues that procedures before the Commission should be as liberal as they are before the courts and points to Code of Civil Procedure Article 934 which provides that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment a judgment maintaining the exception shall order such amendment within an allowed delay. Thus, plaintiff contends he should have been permitted to amend for the purpose of showing political discrimination. While we do not disagree with the argument as it relates solely to liberality of procedure, we do not agree with this contention.
Rule II, Section 4.1(c) of the Rules of the Civil Service Commission of the City of New Orleans reads:
“(c) A classified employee discriminated against because of his political or religious beliefs, sex or race shall file a written statement with the Civil Service Commission containing the following information:
1. The name or names of the person or persons alleged to have committed the discriminatory act or acts.
2. The date or dates of such act or acts.
3. Where and in what manner such act or acts occurred.
4. The nature of the alleged discrimination.
5. A complainant’s statement shall be filed with the City Civil Service Commission within thirty days of the alleged discriminatory act or acts or the last occurrence of a discriminatory act.”
In the instant case the appointing authority action complained of was taken on May 31, 1979 and became effective June 1, 1979. Plaintiff filed his petition of appeal to the *908 Commission on June 19, 1979 and, as we have said, there was no mention of discrimination in that petition of appeal or otherwise until (possibly) the argument before the Commission on the defendant’s exception. The argument took place on August 9, 1979, more than 30 days after the June 1, 1979 occurrence of the incident complained of, and the Commission ruling was handed down October 11, 1979, more than four months after that occurrence.[5] To allow plaintiff to amend at that time so as to allege political discrimination would violate sub part 5 of the above quoted Commission rule and, accordingly, the grounds of the objection here pleaded by the exception could not have been removed by amendment.[6]
For the reasons assigned, the ruling appealed from is affirmed.

AFFIRMED.

. In pertinent part the section provides that no classified employee shall be discriminated against because of his political or religious beliefs, sex or race and gives a classified employee so discriminated against the right to appeal to the appropriate commission.

. Martin v. Sewerage & Water Bd., La.App., 342 So.2d 1229; Courtney v. Louisiana Department of Highways, La.App., 282 So.2d 721; Pembrick v. Charity Hospital of La. at New Orleans, La.App., 268 So.2d 265; Maggio v. Department of Public Safety, La.App., 234 So.2d 844.

.Supra, note 2, at page 1230.

. The record contains plaintiff’s written opposition to defendant’s exception. That opposition makes no mention of a claim of discrimination. Mention of such a claim could have been made during oral argument.

. We note Code of Civil Procedure Article 934 states that where the objection may be removed by amendment the judgment sustaining the exception shall order the amendment.

. Code of Civil Procedure Article 934 further states that if the grounds of the objection cannot be removed by amendment, the action shall be dismissed.