610 So.2d 936 (1992)
Geraldine GAINER, Appellant,
v.
DEPARTMENT OF HEALTH AND HOSPITALS, Central Louisiana State Hospital and Deborah Revelett, Appellees.
No. CA911802.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*937 Daniel E. Broussard, Jr., Alexandria, for Geraldine Gainer, appellant.
Joanne Henig, Baton Rouge, for Department of Health and Hospitals, appellee.
Deborah Revelett, pro se.
Robert R. Boland, Jr., Civ. Service General Counsel, Dept. of State Civ. Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before WATKINS, CRAIN and GONZALES, JJ.
CRAIN, Judge.
Plaintiff, a registered nurse with Central Louisiana State Hospital, appeals a decision of the Civil Service Commission wherein she claims that she was the subject of age discrimination and that she was unjustly denied a promotion to the position of Registered Nurse Manager, as a result of a biased interview process, and in violation of the rules and regulations of the Department, the Civil Service Commission and union contract. We affirm the decision of the Civil Service Commission in denying the plaintiff's appeal.
*938 Plaintiff, Geraldine Gainer, at the time of this appeal had 23 years nursing and supervisory experience with the defendant hospital.
On June 10, 1990, an announcement was posted at the hospital for the position of Nurse Manager.[1] This position, which is a GS Level 20 position, requires the successful candidate to work as a nurse manager in the Adolescent Unit of the hospital (Unit 8).
On July 3, 1990, plaintiff filed an application for the position. She met the minimum qualifications, as did her sole competitor, Deborah Revelett, who had served as a nurse in this Adolescent Unit for 10 years.
In mid-August of that year Ms. Gainer was advised telephonically by the Director of Nursing, that she would be interviewed for the posted position on August 23-25, 1990.
A three member panel conducted the interviews. The panel of interviewers was comprised of Ms. Bonnie Vocque, the Mental Health Nursing Director; Dr. Walter Litwin, a psychologist and Program Director for Adolescent Children's Services (i.e., Unit 8); and Ms. Nell McGee, the hospital's Personnel Director. The interview consisted of the applicants being asked a series of questions and situational presentations. The interview materials were pre-approved by the Hospital Administrator. Each panel member scored each applicant on her response and the scores were thereafter totalled. Ms. Revelett received an overall score of 3.50 on a 5 point scale. Ms. Gainer received a 3.00 overall score. Ms. Revelett was chosen for the position.
Thereafter, Ms. Gainer filed five successive grievances with various levels of the hospital administration, all of which were individually denied.
On September 21, 1990, she filed this appeal with the State Civil Service Commission seeking promotion to the subject Nurse Manager position. An amendment to the appeal was filed October 19, 1990, in response to a notice of defective appeal alleging vagueness.
The matter was heard before the Civil Service Commission on March 19, 1991.
At the outset of the hearing, the Referee granted an oral Motion for Summary Disposition of the allegations of age discrimination. Testimony was elicited from the plaintiff and the Hospital Administrator, Donna Bourque, concerning the allegations of rules violations. Thereafter the Commission granted the defendants' motion for dismissal of the remainder of plaintiff's case. The Commission found that the plaintiff had failed to prove this aspect of her case.
On April 24, 1991, the Commission issued written reasons for its decision. On appeal we are asked to decide whether the trial court erred in finding plaintiff had failed to prove her case of age discrimination and rules violations, and, in summarily dismissing these claims.
AGE DISCRIMINATION
Plaintiff first contends that the Commission's actions in entertaining the defendants' oral motion for dismissal of her claims of age discrimination is error. She argues that, according to Civil Service Rules, such a motion must be in writing.
The purpose of civil service rules is to promote the merit system, to guarantee the welfare and security of public service and to protect public career employees from discrimination. Dept. of Corrections v. Pickens, 468 So.2d 1310 (La.App., 1st Cir., 1985).
The Commission has much discretion in the conduct of its hearings. Pembrick v. Charity Hospital of Louisiana at New Orleans, 268 So.2d 265 (La.App. 1st Cir., 1972), writ refused, 263 La. 989, 270 So.2d 123 (La.1972). Administrative agencies can interpret their own rules and their rules have the effect of law. Department of Health and Human Resources, Office of Family Security, 423 So.2d 1266 (La. App., 1st Cir., 1982). Civil Service rules should be construed according to rules of *939 interpretation applicable to legislation in general. Department of Health v. Perry, id. The courts will interpret statutes in light of their true intent and so as to avoid absurd results. Department of Health v. Perry, id. As long as state civil service rules are reasonable and not in violation of basic constitutional rights, they must be enforced by the courts. Sutton v. Dept. of Public Safety, 340 So.2d 1092 (La.App. 1st Cir., 1976); Dept. of Corrections v. Pickens, id.
Civil Service Rule 13.14(a) provides for summary dispositions in certain instances. The Rule specifies the following:

Rule 13.14(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds ... (Emphasis Added).
In this case an oral motion for summary disposition was made, at the hearing, by the defendant, on the issue of age discrimination. Plaintiff objected to the form of the motion and argued that the motion should be written. In response, the Referee stated: "I believe it is discretionary. I believe it says `may'." In concluding that the motion would be allowed, the Referee reasoned as follows:
REFEREE: No. The Commission has always interpreted that Rule that to be read as, you may file[d] a written Motion before a hearing because that is the only way you can be heard on your Motion is to file[d] it in writing. But they have also always held that a Motion may be filed orally on the date and at the time of hearing as well. The remedy in the case of a Motion which requires testimony or the presentation of evidence is for the opposing party to allege surprise, lack of witnesses; therefore, no way to go forward with the Motion at that time. The nature of this Motion is strictly on the pleadings. There is no surprise involved. Therefore, I will hear the Motion on it.
It is apparent that the Commission has interpreted this Rule as permissive, so as to allow oral motions during the hearing and written motions prior to such a hearing. This is a reasonable interpretation, by the Commission, of its own rules. It is reflective of the true intent of the Rule and it does not offend the clear language of the Rule. As such, this Rule has the effect of law and will be so enforced by this Court. Moreover it is in accord with the recent decisions of this Court in Greenleaf v. DHH Metropolitan, 594 So.2d 418 (La.App. 1st Cir., 1991), writ denied, 596 So.2d 196 (La., 1992).
The plaintiff next contends that the Commission erred in summarily dismissing her claims of age discrimination in that her amended appeal set forth sufficient factual allegations of her claim.
In an action grounded upon age discrimination, the employee bears the burden of proof. Mixon v. New Orleans Police Department, 430 So.2d 210 (La.App., 4th Cir., 1983).
The Commission Rules are very specific regarding allegations of discrimination. "Discrimination" is defined as "consideration of religious or political beliefs, sex, race or any other non-merit factors." Rule 1.14.1, Civil Service Commission Rules. The Rule governing the method of pleading discrimination is set forth, in detail, in Rule 13.11(d), as follows:
13.11 Request for Appeal.
A notice of appeal must
. . . . .
Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
1. the date, time and place the discriminatory action took place;

*940 2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.
In her amended appeal, plaintiff alleged that she was more qualified than her opponent. She also alleged that there was a deviation from the standard interview procedures. Finally, she contended that a 19 year age difference existed between her opponent and herself.
These allegations are insufficient to comply with the detailed requirements of Rule 13.11 of the Rules of the Civil Service Commission, in that plaintiff has failed to recite events, with dates and circumstances, which lead her to believe that she was the subject of age discrimination. For these reasons the Referee correctly concluded that the plaintiff had not pleaded facts, which, if proven, would have established that age was the determinative factor in her employer's decision to award Ms. Revelett the post.
DISMISSAL WITHOUT A FULL TRIAL
In her next assignment of error the plaintiff contends that the Commission erred in not allowing her to complete the presentation of her case and in summarily dismissing her appeal.
The employee must be afforded a full, complete and fair hearing before the Civil Service Commission and the reviewing court has the duty to insure that the employee shall be afforded a full, fair and complete opportunity to establish any material issue properly raised. Meaux v. Dept. of Hwys., 274 So.2d 486 (La.App., 1st Cir., 1973).
Within this framework, it is generally recognized that the Commission has much discretion in the conduct of its hearing. Pembrick v. Charity Hospital, supra. Moreover, according to Commission Rules, the Referee may decline to hear or consider any other evidence and dismiss the appeal if, after having heard the plaintiff's sworn testimony, he decides that plaintiff has no just or legal grounds to support his appeal. Rule 13.19(e), Civil Service Commission Rules. Moreover, the Referee is empowered to limit corroborative evidence. Rule 13.19(j), Civil Service Commission Rules.
In this case the Referee heard the plaintiff, Geraldine Gainer, testify, in detail, concerning her qualifications, the interview process and the basis of her grievances. It was Ms. Gainer's contention that the selection committee did not consider the factors of service, merit, education and experience as constitutionally and statutorily required.
Following Ms. Gainer's testimony, the Referee made the following assessment of the case.
REFEREE: Okay, okay. This is fascinating. I have heard more than enough, however. The only thing I believe that you have established at this point, Mr. Broussard, that indicates there might not have been a consideration of the Constitutionally required factors are, as I stated at the very beginning of this case: The September 5 statements of Ms. Bourque to Ms. Gainer.
. . .
If you can show me that Ms. Bourque, in fact, set up the criteria and told the panel they could only consider these questions, not any of these other factors and that the questions did not measure merit, [efficiency], fitness or length of service, then Ms. Gainer has a complaint.
Contrary to the testimony of Ms. Gainer, Ms. Bourque testified that she never told the plaintiff that service, merit, education and experience would not be considered. Since the Referee apparently believed Ms. Bourque to the effect that these factors *941 were considered in making the selection, the Referee was justified in dismissing plaintiff's appeal on the basis that she presented no legal grounds to support her appeal. Under these circumstances additional evidence would have served no purpose in proving plaintiff's position. For these reasons plaintiff was afforded a full, fair and complete opportunity to establish the issues raised and the Referee did not abuse her discretion in summarily dismissing plaintiff's case after the testimony of these two witnesses.
RULES VIOLATION
In her final assignment of error plaintiff contends that the Commission erred in finding that she had failed to bear her burden of proving rules violations and that a biased selection committee caused her to be denied the sought after promotion.
In particular, with regard to rules violations, the plaintiff alleges that her length of service was not considered in determining her eligibility for promotion.
Louisiana Constitution, Article 10 Section 7 of 1974 sets forth the criterion upon which such promotions are to be made:
La. Const. Art. 10
Sec. 7. Appointments; Promotions
Section 7. Permanent appointments and promotions in the classified state and city service shall be made only after certification by the appropriate department of civil service under a general system based upon merit, efficiency, fitness, and length of service, as ascertained by examination which, so far as practical, shall be competitive.... (Emphasis added)
In this case plaintiff alleges that length of service was not considered equally with the other listed factors, in that the Hospital Administrator, Ms. Bourque, testified that length of service was only considered in a tie breaking situation.
The Commission found that the "[a]ppellant failed to establish ... that the interview questions and selection criteria failed to consider education, experience, merit, efficiency, qualifications and length of service." These findings are fully supported by the record.
The plaintiff admitted at trial that she completed an application form for the position of Nurse Manager. The application, a fourteen page document, was admitted into evidence. It reflects, in considerable detail, the plaintiff's length of service, experience and education. It was this document which was utilized by the committee in initially screening applicants for the post. Thus, it is apparent that plaintiff's years of service were considered as a qualifying factor.
Furthermore, although plaintiff contends that Ms. Bourque testified that length of service is only used in a tie breaking situation, the record does not support that contention. The following colloquy occurred concerning the subjects of education and length of service:
Q. What steps did you take as a CEO to make sure that in the selection that her, that a lady and applicant like Ms. Gainer that her education and experience were considered?
A. Because education and experience is what is goingthe value of education of an experience is what helps an applicant to answer the interview questions which are related to the job performance. You would assume that if someone with more experience, more education, has benefited from that then their response to the questions are going to be guided by that extra experience and extra education.
Q. If you had someoneand let's just take the hypotheticalyou have someone with ten years of experience and somebody with 25 years of experience and for hypothetical purposes, they both answered the questions and were graded accordingly, how do you decide?
A. If both applicants are graded on other factors is relatively equal then, in fact, seniority is an issue. Seniority in Civil Service and at that Agency and years of experience if they both happen to have the exact same amount of seniority with the Agency, *942 then that would be a deciding factor, something that helps to break a tie between individuals.
Q. What about when you have equal, if you have a person that gets a 3.5 and the other person who gets a 3.0 on the interview, then what factors does seniority and experience have in that situation?

* * * * * *
A. I considered that 3.0 and 3.5, while close, were significantly different, especially given the fact that I had reviewed the pattern of responses before I gave my response to Ms. Gainer. I had reviewed all the interviewer questions, all the interviewer scores and looked at that.
Q. Other than the responses for the interview scores as you have indicated in your response, is there any credit given for education and experience, other than the interviewer response?
A. There was, the credit given in the not unless it is used as a tie-breaking factor because it is expected that those extra years of experience and education are going to help the applicant to answer more appropriately to the questions if, in fact, they benefited from those years.
It is apparent from a review of the record that the length of service and education were factors of initial consideration in the qualification of the plaintiff as a candidate for the post. Thereafter, these factors were considered in the evaluation of the plaintiff's responses to interview questions. Additionally, this factor would have been considered if the candidates had received identical scores in the interview process. In this case the scores were not identical and thus the use of this factor as a "tie breaker" was unnecessary.
For these reasons, plaintiff's contention is unfounded as length of service was a factor considered in reaching a determination as to plaintiff's eligibility for the promotion.
BIASED SELECTION COMMITTEE
Finally plaintiff complains that the selection committee was biased in that two of the three committee members worked on the Adolescent Unit (Unit 8) as did her competitor, Ms. Revelett.
Ms. Bourque testified that a selection panel was chosen in order to remove subjectivity from the selection process.
The vacancy to be filled was on Unit 8 and it was reasonable for the selection committee to be comprised of present and former staff members from that Unit, such as Dr. Litwin, the Program Director of that Unit, and Ms. Vocque, the Mental Health Nursing Director. There was no showing that, because of their association with Unit 8, these panel members favored Ms. Revelett, an employee of Unit 8, over the plaintiff. As such, the Committee properly found that "[a]ppellant failed to establish that the interview panel was biased in favor of Ms. Revelett ...".
For the reasons assigned the decision of the Civil Service Commission dismissing plaintiff's appeal is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] Since nursing is classified as a "shortage" position, no civil service test nor particular approval by Civil Service is required, other than that an applicant must meet minimum requirements.