747 So.2d 763 (1999)
Henry FLANAGAN
v.
DEPARTMENT OF ENVIRONMENTAL QUALITY and Michael T. Drury.
No. 99 CA 1332.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
*764 Thomas P. Henican, New Orleans, for plaintiff/appellant, Henry Flanagan.
Maizie Doomes, Baton Rouge, for defendants/appellees, Dept. of Environmental Quality and Michael T. Drury.
Robert R. Boland, Baton Rouge, for Allen Reynolds, Director, Dept. of State Civil Service.
Before: CARTER, C.J., WHIPPLE, and PETTIGREW, JJ.
WHIPPLE, J.
Plaintiff, Henry Flanagan, challenges the decision of the State Civil Service Commission ("the Commission") summarily dismissing his appeal. Finding that the Commission had no jurisdiction, we vacate the decision of the Commission and dismiss Flanagan's appeal.

BACKGROUND AND PROCEDURAL FACTS
Flanagan, a classified employee serving with permanent status, is an Environmental Specialist III in the Louisiana Department of Environmental Quality, Air Quality and Radiation ("the Department"). After denial of a promotion, he appealed the Department's failure to promote him to the position of Environmental Specialist Coordinator ("coordinator") for which he had applied.
In his appeal to the Commission, Flanagan alleged that he was not promoted to the position in retaliation for: (1) a July 1993 appeal of a disciplinary matter in which he prevailed, and (2) a May 1995 lawsuit he filed against the Department and two of his supervisors based upon age discrimination.[1]
*765 Thus, he contended, the denial of the promotion in retaliation for his prior disciplinary appeal and lawsuit constitutes "discrimination" based upon "non-merit factors" as defined in Civil Service Rule 1.14.1, for which appeals to the Commission are authorized by Civil Service Rule 13.10(h).[2] Additionally, Flanagan contended that the denial of the promotion to him and the promotion of Drury constitute a violation of the promotion rules set forth in Civil Service Rules 8.4(a), 8.8(a) and 8.9.[3]
The referee found that Flanagan "alleged no specific facts to support his conclusion of either discrimination or the violation of Civil Service Rules," and that his "only allegation against Appellee Drury's promotion is that [Flanagan] has more seniority." Thus, the referee concluded that because Flanagan failed to provide specific details of the alleged violation of the Civil Service Rules or of discrimination in accordance with Civil Service Rule 13.11(d) and La. Const. art. X, § 8, he failed to establish a right to appeal. Accordingly, the referee summarily dismissed the appeal.
The Commission denied Flanagan's application for review, and the decision of the referee became the decision of the Commission. La. Const. art. X, § 12(A). Flanagan appeals.

DISCUSSION
On appeal, Flanagan assigns as error the summary dismissal of his appeal and contends that his original and amended letters of appeal contain sufficient factual detail to comply with Civil Service Rule 13.11(d) and to support his claims of: (1) discrimination based on non-merit factors, and (2) violation of the Civil Service Rules governing the procedures for promotion.
Turning first to Flanagan's claim of discrimination based on non-merit factors, we pretermit discussion of whether he pled sufficient facts to support this claim, finding that the Commission was without jurisdiction to hear Flanagan's claims.
In Louisiana Department of Agriculture and Forestry v. Sumrall, 98-1587 (La.3/2/99), 728 So.2d 1254, the Louisiana Supreme Court recently addressed the extent of the Commission's quasi-judicial powers, as limited by the Louisiana Constitution, specifically with regard to discrimination claims. After providing a thorough analysis of the provisions of article X of the Louisiana Constitution, which governs jurisdiction of the Commission, the Court concluded that the constitution limits the Commission's jurisdiction to two categories of claims: (1) discrimination claims on the bases of political beliefs, religious beliefs, sex and race, as provided for in § 8(B) of article X of the Louisiana Constitution; and (2) removal and disciplinary claims provided for in §§ 12(A) and 8(A) of article X of the Louisiana Constitution. Sumrall, 98-1587 at p. 7, 728 So.2d at 1260. Thus, the Commission has jurisdiction to hear only the four enumerated discrimination claims and removal and disciplinary claims.
*766 After interpreting the extent of the Commission's jurisdiction, as limited by article X of the Louisiana Constitution, the Court then examined the specific Civil Service Rules which the Commission promulgated to provide for administrative appeals in discrimination claims to determine if these rules exceeded the Commission's constitutionally-limited authority. The Court concluded that certain Civil Service Rules did in fact purport to create the right to an appeal to the Commission on discrimination claims not specifically enumerated in article X, §§ 8 and 12(A), and, consequently, held those rules to be unconstitutional. Sumrall, 98-1587 at pp. 10, 12, 728 So.2d at 1262-1263.
Specifically, the Court held to be unconstitutional Civil Service Rule 13.10(c) coupled with Rule 14.1; Rule 13.10(e), (f) and (l); and Rule 13.10(h) coupled with Rule 1.14.1, to the extent that they purport to authorize appeals to the Commission on discrimination claims outside the scope of the Commission's limited jurisdiction as defined under article X, §§ 8 and 12 of the Louisiana Constitution.[4]Sumrall, 98-1587 at pp. 12, 15, 728 So.2d at 1262-1263, 1264.
In this case, Flanagan's claim of discrimination based upon the Department's consideration of "non-merit factors" in refusing to promote him was purportedly authorized by Civil Service Rule 13.10(h) coupled with Rule 1.14.1, which granted appeals to the Commissioner for such discrimination claims. However, given the Supreme Court's holdings that these rules, when read together, are unconstitutional to the extent that they expand the Commission's jurisdiction beyond discrimination claims based on (1) religious beliefs, (2) political beliefs, (3) sex, or (4) race, the Commission clearly lacked jurisdiction to consider this claim by Flanagan. Flanagan did not assert a discrimination claim based upon consideration of his political or religious beliefs or his sex or race. Thus, this discrimination claim does not fall within the purview of the Commission's jurisdiction. Sumrall, 98-1587, p. 12, 728 So.2d at 1262-1263.
With regard to Flanagan's claim that the Department violated rules of promotion, we agree with the Commission's summary dismissal of this claim. Despite being given the opportunity to amend the appeal, Flanagan failed to give any facts supporting any alleged rule violations in the promotion process, as required by Civil Service Rule 13.11(d). At best, Flanagan has alleged that he had more seniority than Drury (the individual who received the promotion for which Flanagan had applied), that his experience was equal to or greater than Drury's and that his grade score was higher than Drury's. However, these facts alone do not sufficiently detail or disclose any specific violation of the rules setting forth the procedures for certifying names of highest-ranking candidates, determination of availability of certified eligible candidates, or the procedures to be followed in making an appointment from the list of available certified eligible candidates. In the absence of any allegation of any specific facts which would constitute a violation of the promotion process, *767 we find no error in the Commission's decision to summarily dismiss this claim by Flanagan. See Gainer v. Department of Health and Hospitals, 610 So.2d 936, 939-940 (La.App. 1st Cir.1992).

CONCLUSION
For the above and foregoing reasons, we affirm that portion of the Commission's decision which summarily dismissed Flanagan's claim of alleged rule violations. We vacate the Commission's decision with regard to Flanagan's discrimination claim based on non-merit factors for lack of jurisdiction and dismiss this claim without prejudice to Flanagan's right to redress, as may be appropriate, in district court.
Costs in the amount of $116.00 are hereby assessed against appellant, Henry Flanagan.
AFFIRMED IN PART; VACATED IN PART FOR LACK OF JURISDICTION.
NOTES
[1] In his letter of appeal, Flanagan asserted that:

[His] action conduct and performance were the same or better than that of Michael Drury [the employee who received the desired promotion]. [He] has more years of service to the State of Louisiana and the Department than Mr. Drury. [His] service has consistently been satisfactory. In connection with his application for the promotion at issue herein, [he] had the highest grade (over 100). His grade score was higher than Mr. Drury's grade score. [Also, his] experience with asbestos work for the State of Louisiana was equal to or greater than Mr. Drury's asbestos work experience for the state.
Flanagan also asserted that in response to his inquiry concerning the basis for selecting Drury for the position, Michael P. Alegro, a supervisor in the Department, stated that "[he could] promote who [he] want[ed]." Flanagan further alleged that prior to the completion of the interview process, Alegro allowed Drury to move into the vacant coordinator's office.
[2] Civil Service Rule 13.10(h) provides: "An appeal may be made to this Commission by... [a]ny person [in the Classified Civil Service] who alleges that he has been the subject of discrimination as defined in Rule 1.14.1."

Civil Service Rule 1.14.1 provides: "`Discrimination' means the consideration of religious or political beliefs, sex, race or any other non-merit factor."
[3] Essentially, the second claim alleges violations of three rules providing for unbiased, competitive promotions and appointments based upon objective factors. Rule 8.4(a) establishes a procedure for certifying to the appointing authority the names of the highest ranking eligible candidates for a vacant position. Rule 8.8(a) requires the appointing authority to then determine the availability of the certified eligible candidates, and Rule 8.9 sets forth the procedure to be followed in making an appointment from the list of available, certified eligible candidates. Civil Service Rule 13.10(c) authorizes a classified employee to appeal any alleged violation of these rules.
[4] Civil Service Rule 13.10(c) coupled with Rule 14.1 in part purported to grant the right to an appeal before the Commission for alleged discrimination against a person in the promotion process because of political or religious affiliations, race, sex or membership or nonmembership in any private organization. Rule 13.10(e) purported to grant appeals to the Commission for alleged discrimination in the application of the pay plan. Rule 13.10(f) purported to grant appeals to the Commission for alleged discrimination in the review of an application for classified service, admission to an examination, scoring of examinations, the establishment of an eligible list or certification therefrom, or in the Director's decision under Rule 7.5(d). Rule 13.10(l) purported to grant the right to an appeal before the Commission for alleged discrimination based on membership or non-membership in any private organization. Finally, Rule 13.10(h) coupled with Rule 1.14.1 purported to grant the right to an appeal before the Commission for alleged discrimination based on the consideration of religious or political beliefs, sex, race or any other non-merit factors.